## Commonwealth v. Kiddy et al.

Nov. 10, 1942.

Hubert Meredith and Harry D. France for appellant.

Daniel W. Davies for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The case involves an interpretation of Section 2554b-151, Ky. Stats. (now Ky. Rev. Stats., 244.180, 244.190, 244.200), relating to the disposition of property declared by the Alcoholic Beverage Control Law to be contraband.

William Kiddy and Charles E. Riedinger, Jr., waived an examining trial in the Campbell County Court on the charge of transporting a quantity of whisky, eight cases, without having a license to do so, in violation of Section 2554b-150, Ky. Stats. (KRS 243.020, 243.990), and were held under bond for trial in the circuit court. It appears that Kiddy was apprehended in the actual possession of the liquor being transported in an automobile for delivery to a customer some distance away from the licensed premises of his employer, Riedinger, the owner of the car. The machine and the liquor were taken into possession and held by representatives of the State Alcoholic Beverage Control Board. Riedinger was arrested on a warrant. He held a retail package license but it did not authorize him to transport intoxicating liquor in any way or to any place. Sections 2554b-122 (KRS 243.240), 2554b-186, Ky. Stats. (KRS 244.350). Nevertheless, it appears the Alcoholic Beverage Control Board had extant at the time a regulation undertaking to permit the holder of such a license to transport liquor to and from the nearest express or freight depot. Regulation LC-9, April 8, 1938.

The Campbell County grand jury refused to indict the defendants and dismissed the charges. On Riedinger's motion the court ordered the return of the automobile to him. No one claimed the whisky. A few days later the Commonwealth, by the Attorney General and an Assistant Attorney General assigned as counsel for the Alcoholic Beverage Control Board, entered a motion in the name of the Commonwealth alone to vacate the order upon the ground that the court was without jurisdiction of the parties or of the subject matter. The motion was overruled and the Commonwealth prosecutes an appeal.

The contentions of the Commonwealth rest upon the proposition that there was no petition filed by Riedinger for the return of the automobile or notice given of the motion or summons served on the Commonwealth or the representatives of the Board.

Section 2554b-151, Ky. Stats. (KRS 244.180, 244.190, 244.200), declares certain intoxicating liquor and property used in connection with it to be contraband and subject to seizure and confiscation. Among the items are (1) liquor in the possession of any one not entitled to its possession under the provisions of the Alcoholic Beverage Control Law, which includes possession during unlicensed or illegal transportation, and (2) any automobile or other vehicle "in which any person is illegally possessing or transporting alcolohic beverages. 'Illegally possessing' means and includes the holding of any alcoholic liquors unless lawfully acquired and intended for lawful uses." When seized by peace officers or field representatives of the Department of Revenue, they are directed to hold the property subject to the orders of the court before which the owner or one in possession has been arraigned. Upon conviction the court shall enter an order vesting title in the contraband property in the Alcoholic Beverage Control Board, subject to certain rights of the owner or a lienor. The section continues:

"If the defendant be acquitted, no propery seized as contraband in connection with the arrest of the defendant shall be ordered returned or restored unless the person from whose possession same was taken proves that he was in lawful possession of said property."

The grand jury having refused to indict the defendants and written "dismissed" upon the papers of the examining court, with the foreman signing the return, and the court having discharged the defendants without resubmitting the charge to another grand jury, as provided in Section 115, Criminal Code of Practice, there was in effect a judgment of acquittal.

The statute does not require that the Board or its administrator or representative or other officer in possession of the automobile be given notice or made a party to the proceedings for the return or restoration of contraband property as perhaps it should. The court in its discretion might have ordered that done but it was not mandatory. The prosecution was by and in the name of the Commonwealth of Kentucky and was against the claimant of the automobile as a defendant. It cannot be said, therefore, that the court was without jurisdiction of the parties.

The statute expressly gives jurisdiction of the subject matter and defines the manner of its exercise. It does require that the defendant from whose possession the alleged contraband property was taken shall prove that he was in lawful possession of it. Had the liquor charged to have been unlawfully transported in the car been involved, then it would have been incumbent upon the defendant to prove its legitimacy in respect to the legality of possession, to the required payment of taxes and license and to the adhesion of proper labels or stamps as defined in Section 2554b-151, Ky. Stats. (KRS 244.180). We are concerned only with the automobile. Obviously it was only its alleged use for an illegal purpose that made it potentially contraband. But the dismissal of the charge of using it for illegal transportation settled that element in the defendants' favor. The owner and the one in possession having been acquitted of the unlawful use of the machine, its contraband characteristic was cleared. It is conceded that Riedinger was the owner and it is not contended that Kiddy was in the unlawful possession of the automobile. If he had been, such as having fraudulently procured its possession as denounced in Section 1376r-4, Ky. Stats. (KRS 434.350), that was not a proper consideration in connection with its seizure because of its use in carrying contraband liquor.

The record does not authorize a reversal of the judgment overruling the motion to vacate the order of restoration and it is, therefore, affirmed.